IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
LEWIS T. BABCOCK, JUDGE

Civil Case No. 1:14-cv-02339-LTB-BNB

STEVE OGBURN,

      Plaintiff,

v.

AMERICAN NATIONAL PROPERTY & CASUALTY COMPANY,

      Defendant.
_____

ORDER
_____

      This insurance coverage dispute is before me on Plaintiff Steve Ogburn's Motion for Remand [Docket No. 16]. Mr. Ogburn asks the Court to remand this case to state court on the grounds that the amount in controversy requirement of 28 U.S.C. § 1332(a) is not satisfied. I have reviewed the motion and all related pleadings and exhibits. Oral argument would not materially assist me in determining the motion. For the following reasons, I DENY the motion.

## I. Background

      On July 30, 2014, Mr. Ogburn filed this case in state court in Boulder, Colorado. Mr. Ogburn alleges that he sustained injuries in a car accident caused by a hit and run driver in September 2011; that these injuries are covered by the uninsured/underinsured motorist ("UIM") coverage of an auto insurance policy that Defendant American National Property & Casualty Company ("American") issued to him; and that he made a claim under that policy which American refuses to pay. He brings a single count against American, for breach of contract, and seeks money damages. Compl. ¶¶ 3, 20, 24 [Docket No. 1-5]. In accordance with Colorado

Rule of Civil Procedure 8(a), his complaint does not identify a specific sum he is seeking from American. It does, however, list numerous categories of damages. *See id.* at 4 (prayer for relief stating that Mr. Ogburn is seeking damages for "present and future economic loss"; "medical expenses, past and future"; "permanent impairment, injuries, and/or disfigurement, limitations and/or disabilities of the body and/or mind"; "pain and suffering, past and future"; "loss of enjoyment of life and/or the capacity of life [sic]"; and "past and future medical care," together with attorney's fees, court costs, expert witness fees, and statutory interest).

On August 22, 2014, American filed its notice of removal [Docket No. 1] with this Court, asserting jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a). American stated that both the residency and amount in controversy requirements are satisfied because American is a citizen of Missouri, Mr. Ogburn is a citizen Colorado, and the amount in controversy exceeds $75,000, exclusive of interest and costs. American referenced a "case cover sheet" attached to Mr. Ogburn's complaint and signed by his counsel. A box is checked on the cover sheet indicating that "[a] monetary judgment over $100,000 is sought by any party against any other single party," exclusive of "interest and costs." District Court Civil (CV) Case Cover Sheet at 2 [Docket No. 1-3].

On September 15, 2014, Mr. Ogburn filed the instant motion. American's opposition [Docket No. 18] and Mr. Ogburn's reply [Docket No. 21] followed. Mr. Ogburn does not contest diversity of citizenship but contends that American has not met its burden of proving the amount in controversy. He argues that American may not rely on the case cover sheet, but must rely on the complaint itself or on the removal notice. With respect to the complaint, he argues that its allegations regarding damages are too vague to determine the amount in controversy. As

for the notice of removal, he says it is also no help to American because it relies solely on the case cover sheet.  In its opposition, American submits new evidence: (1) an affidavit from its claim handler saying that Mr. Ogburn demanded more than $75,000 before he filed this suit; and (2) an affidavit from American's counsel saying that American offered Mr. Ogburn more than $75,000 to settle this lawsuit after it filed its notice of removal.  Mr. Ogburn argues that the Court cannot consider these affidavits because they are not part of the complaint or notice of removal.  American seeks discovery on the amount in controversy in the event I conclude it has not met its burden; Mr. Ogburn opposes this request.

## II.  Duty to Confer

The parties do not dispute that Mr. Ogburn did not confer before moving for remand.  American argues that his motion should be denied for that reason alone.  D.C.COLO.LCivR 7.1(a) provides that "[b]efore filing a motion, counsel for the moving party or an unrepresented party shall confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter."  Subsection (b) lists exceptions to this requirement, including motions brought under Federal Rule of Civil Procedure 12.  A "motion for remand based on lack of jurisdiction is essentially a motion to dismiss under Rule 12." *Julius v. Metro. Cas. Ins. Co.*, No. 07-CV-02460-WDM-CBS, 2008 WL 1806134, at *2 (D. Colo. Apr. 21, 2008).  Accordingly, it was not necessary for Mr. Ogburn to confer with American before filing his motion.  *Id.*  I also note that the Court has an independent obligation to determine whether subject matter jurisdiction exists. *Id.* (citing *Image Software, Inc. v. Reynolds & Reynolds Co.*, 459 F.3d 1044, 1048 (10th Cir. 2006)).  Accordingly, I will consider the merits of Mr. Ogburn's motion for remand.

### III. Merits of Remand Motion

Remand to state court is required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006). Here, American alleges subject matter jurisdiction based on diversity of citizenship, which requires that the parties be "citizens of different States" and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The parties agree that they are citizens of different states and no facts suggest otherwise. Therefore, the only issue I consider is the amount in controversy.

### *A. Burden of Proof*

The removing defendant has the burden of proving facts showing that the amount in controversy "may" exceed $75,000. *McPhail v. Deere & Co.*, 529 F.3d 947, 953-54 (10th Cir. 2008); *accord Roadcap v. Auto-Owners Ins. Co.*, No. 14-CV-01897-PAB-CBS, 2014 WL 3952802, at *2 (D. Colo. Aug. 12, 2014). The defendant must prove these "jurisdictional facts" by a preponderance of the evidence. *McPhail*, 529 F.3d at 953-54; 28 U.S.C. § 1446(c)(2)(A). A defendant "is entitled to stay in federal court unless it is 'legally certain' that less than $75,000 is at stake. If the amount is uncertain then there is potential controversy, which is to say that at least $75,000 is in controversy in the case." *McPhail*, 529 F.3d at 954. The amount in controversy is determined at the time the case is removed to federal court. *Emland Builders, Inc. v. Shea*, 359 F.2d 927, 929 (10th Cir. 1966); *accord Roadcap*, 2014 WL 3952802, at *2.

Where, as here, the complaint does not explicitly demand more than $75,000, "defendants must show how much is in controversy through other means." *McPhail*, 529 F.3d at 955. This includes: (1) "an estimate of the potential damages from the allegations in the

4

complaint," even though no sum certain is alleged; (2) "affidavits from the defendant's employees or experts, about how much it would cost to satisfy the plaintiff's demands"; and (3) "a plaintiff's proposed settlement amount" to the extent it "appears to reflect a reasonable estimate of the plaintiff's claim." 529 F.3d at 955-56 (internal citations and quotation marks omitted). This "list is not exclusive; any given proponent of federal jurisdiction may find a better way to establish what the controversy between the parties amounts to." *Id.* at 954 (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)). If a defendant needs discovery to obtain this evidence, it may "ask the court to wait to rule on the remand motion until limited discovery has been completed." *McPhail*, 529 F.3d at 954.

### B. *Evidence Submitted After Removal*

I begin with the affidavits that American has submitted detailing Mr. Ogburn's pre-suit demand and American's post-removal settlement offer. As a threshold matter, Mr. Ogburn says I cannot consider them because they are not part of the complaint or notice of removal. He relies on the statement in *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995), that "the requisite amount in controversy . . . must be affirmatively established on the face of either the petition or the removal notice." The Tenth Circuit, however, acknowledged and "clarifi[ed]" *Laughlin* and similar decisions in *McPhail,* 529 F.3d at 955. The court noted that "beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy—either interrogatories obtained in state court before removal was filed, *or affidavits or other evidence submitted in federal court afterwards*." *Id.* at 956 (emphasis added). And, as noted above, the court also held that a defendant may request discovery in federal court on the amount in controversy in the event a plaintiff seeks remand. *Id.* at 954. Such discovery

obviously happens only after the notice of removal is filed. Operating within this framework, it must be the case that courts are able to consider evidence submitted after removal. While I agree with Mr. Ogburn that it would have been preferable for American to submit the affidavits with its notice of removal, the procedures outlined in *McPhail* suggest that courts should not be unduly restrictive in receiving evidence bearing on the amount in controversy.

Other district courts in this Circuit have held that *McPhail* allows consideration of evidence submitted after removal. *Williams v. Bd. of Regents of Univ. of New Mexico*, 990 F. Supp. 2d 1121, 1138 (D.N.M. 2014) ("Thus, when determining if the requirements for federal jurisdiction are met in a matter removed from state court, a district court may consider evidence submitted after removal."); *Aranda v. Foamex Int'l*, 884 F. Supp. 2d 1186, 1208 (D.N.M. 2012) ("post-removal evidence can assist the Court [and] clarify what amount was in controversy when the case was removed"); *Pelletier v. State Farm Mut. Auto. Ins. Co.*, No. 2:10-CV-1185 TS, 2011 WL 776226, at *1-2 (D. Utah Feb. 25, 2011) (considering plaintiff's settlement offers submitted in opposition to motion for remand and rejecting argument that defendant "cannot rely on these documents because they were not included in the Notice of Removal"); *see also McCrary v. Country Mut. Ins. Co.*, No. 13-CV-507-JED-PJC, 2013 WL 5973801, at *6 (N.D. Okla. Nov. 11, 2013) (deferring ruling on motion for remand to "permit time to complete discovery regarding the amount in controversy"). Other federal courts of appeals have likewise allowed evidence to be submitted after removal. *See, e.g., Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount") (emphasis in original); *Sierminski v.*

*Transsouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000) ("there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition"). Therefore, I will consider the affidavits.

### C. *Whether the Amount in Controversy Requirement Is Satisfied*

The affidavit of David Allen, an American employee who handled Mr. Ogburn's claim, indicates that in approximately March of 2014, before filing suit, Mr. Ogburn demanded that American pay him more than $75,000 of "actual damages" and that this request did not include "attorneys fees, litigation costs, or interest." D. Allen Aff. ¶ 5 [Docket No. 18-1]. The affidavit explains that Mr. Ogburn supported his demand with an expert report from an economist and an expert report from an occupational therapist. *Id.* ¶ 6. The affidavit also notes that Mr. Ogburn's UIM coverage was $250,000. *Id.* ¶ 4. The affidavit of Barbara Stauch, American's counsel, says that on September 2, 2014, shortly after removing this case from state court, American made a settlement offer to Mr. Ogburn in an amount greater than $75,000, "exclusive of attorneys fees, costs or interest." B. Stauch Aff. ¶ 4 [Docket No. 18-2]. Mr. Ogburn has not disputed these facts or requested an evidentiary hearing at which to contest them. I find he has proven them by a preponderance of the evidence and proceed to consider the legal question of whether they show that more than $75,000 may be at stake.

As noted, "a plaintiff's proposed settlement amount 'is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim.'" *McPhail*, 529 F.3d at 956 (quoting *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002)). This includes pre-lawsuit demands like Mr. Ogburn's. *See, e.g., Archer v. Kelly*, 271 F. Supp. 2d 1320, 1323 (N.D. Okla. 2003). There appears to be little authority on whether a defendant's

settlement offer can be relevant.  In *McPhail*, the Tenth Circuit expressly addressed only "a plaintiff's proposed settlement amount."  529 F.3d at 956.  In another breath, however, the court noted that it is permissible "for a district court to consider settlement offers" without distinguishing between offers made by plaintiffs and those made by defendants.  *Id.*  And the court noted that its listing of the evidence that can be considered with respect to the amount in controversy "is not exclusive."  *Id.* at 954 (quoting *Meridian*, 441 F.3d at 541-42).  One district court outside this Circuit declined to consider a defendant's settlement offer submitted "as evidence of a low amount in controversy" out of concern that such an offer likely accounts for "the fact that the plaintiff may be unable to establish liability" and therefore reflects less than the true amount in controversy.  *Lutins v. State Farm Mut. Auto. Ins. Co.*, No. 3:10-CV-817-J-99MCR, 2010 WL 6790537, at *2 n.3 (M.D. Fla. Nov. 4, 2010); *see also Stevenson v. Schneider Elec. U.S.A., Inc.*, No. 13-CV-01609-PAB-KMT, 2014 WL 789081 (D. Colo. Feb. 27, 2014) (declining to consider defendant's settlement offer because of lack of authority on point).  This concern is not present here, where the defendant, American, seeks to use the settlement offer to prove a high amount in controversy.

Accordingly, both American's settlement offer and Mr. Ogburn's demand are relevant.  I conclude that each is sufficient by itself to establish that the amount in controversy was greater than $75,000 as of the date of removal, August 22, 2014.  Mr. Ogburn's demand (made about five months before removal) demonstrates that he believed his own claim was worth more than $75,000.  His demand appears to have been "reasonable," *see McPhail*, 429 F.3d at 956, because it was supported by expert analysis.  Turning to American's settlement offer (made about two weeks after removal), I find that it is a particularly reliable indicator of the amount in

controversy. If anything, American would have an incentive to undervalue Mr. Ogburn's claim, so the fact that it valued the claim at more than $75,000 is especially probative. Mr. Ogburn has not suggested that the value of his claim has changed materially over time (for example, due to new events or amendment of the complaint). Accordingly, the demand and settlement offer are relevant to the amount in controversy as of the date of removal.

While this evidence is sufficient to establish the amount in controversy, the complaint and case cover sheet confirm that "this case may involve more than $75,000." *McPhail*, 529 F.3d at 955; *see also id.* at 955-56 (explaining that a "complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal" even where it does not allege a sum certain of damages). Mr. Ogburn alleges that he has suffered "severe, permanent, and disabling injuries of the body, mind, [and] psyche, economic and noneconomic losses, and physical impairment" as a result of the car accident at issue in this suit. Compl. ¶ 26 [Docket No. 1-5]. He seeks a host of damages, including for medical care, economic loss, loss of enjoyment of life, and pain and suffering. *Id.* at 4. On these allegations, I cannot conclude that it is "legally certain that less than $75,000 is at stake." *See McPhail*, 429 F.3d at 954 (internal quotation marks omitted). Mr. Ogburn has not identified any legal limit on Mr. Ogburn's recovery other than the $250,000 UIM coverage limit. *See Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999) (cited in *McPhail*, 529 F.3d at 955-56) (holding that the amount in controversy requirement was satisfied where the plaintiff did not specify a sum certain of damages in her complaint, but "alleged damages for property, travel expenses, an emergency ambulance trip, a six day stay in the hospital, pain and suffering, humiliation, and her temporary inability to do housework after the hospitalization").

The case cover sheet attached to the complaint [Docket No. 1-3] bolsters this conclusion. The sheet is signed by Mr. Ogburn's counsel and contains a checked box indicating that "[a] monetary judgment over $100,000 is sought," exclusive of interest and costs. It is well established in this District that a case cover sheet "alone is insufficient to establish the requisite amount in controversy." *Boylen v. Am. Family Mut. Ins. Co.*, No. 08-CV-01996-LTB-MJW, 2009 WL 180080, at *2 (D. Colo. Jan. 23, 2009); *see also Baker v. Sears Holdings Corp.*, 557 F. Supp. 2d 1208, 1213-15 (D. Colo. 2007). Among other reasons, this is because it "fails to delineate the components of the claimed damages to allow analysis of whether they are recoverable under applicable law." *Boylen*, 2009 WL 180080, at *2. The case cover sheet, however, "is probative evidence regarding the amount in controversy when combined with plaintiff's requested damages." *Roadcap*, 2014 WL 3952802, at *2. Here, viewed together, the case cover sheet and the damages allegations in the complaint support the conclusion that more than $75,000 is in controversy.

### III. Conclusion

For the foregoing reasons, Plaintiff Steve Ogburn's Motion for Remand [Docket No. 16] is DENIED.

DATED this   23rd   day of October, 2014.

BY THE COURT:

  s/Lewis T. Babcock
LEWIS T. BABCOCK, JUDGE